In the Matter of ALLAN SLOAN (Admitted as ALLAN GERALD SLOTNICK), a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Eric H. Moss* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Allan Sloan was admitted to the practice of law by the Second Department on June 17, 1964 under the name Allan Gerald Slotnick. By order of this court dated September 29, 1987 (130 AD2d 322), respondent was disbarred from practice in this State on the basis of his June 10, 1987 conviction in New York County Supreme Court for the crime of offering a false instrument for filing in the first degree, a class E felony (Penal Law § 175.35). In pleading guilty to the charge, respondent admitted that in November 1986, he filed with the Appellate Division, First Department, an instrument which falsely purported to be an affidavit of Robert Mirsky. He was sentenced to an indeterminate term of 1 to 3 years in prison on November 5, 1987, and is presently incarcerated pursuant to this judgment.

At the time of respondent's conviction, there were, in addition to the charges for which he was disbarred, five other separate charges outstanding against him, relating to different matters. In accordance with section 3.4 of the Rules and Procedures of the Departmental Disciplinary Committee, a copy of the notice and statement of charges dated September 30, 1986, was served personally upon respondent's counsel. These five charges alleged violations of DR 1-102 (A), (4), (5) and (6) and DR 9-102 (B) (4) of the Code of Professional Responsibility, in that respondent converted to his own use substantial amounts of clients' funds, made material misrepresentations to clients and other attorneys concerning the integrity and location of such clients' funds, issued bad checks and failed to honor them, failed to pay out clients' funds when the clients were entitled to receive them, failed to comply with an order of this court directing him to deposit $100,000 with the County Clerk, and failed and refused to return to clients moneys inadvertently paid to him as fees.

On October 29, 1986, respondent's counsel filed an answer to the charges, and a Hearing Panel convened on January 13, February 3, March 3 and 10, April 3 and 9, 1987 to hear testimony and receive evidence relating to these charges. Respondent failed to testify. At the conclusion of the hearing on April 9, 1987, the Panel made findings and conclusions sustaining the charges and advised respondent that the matter would be referred to this court with a recommendation for disbarment.

On October 13, 1987, the Panel issued its formal report consisting of findings of fact and conclusions of law, noting that respondent had already been disbarred upon his conviction for a New York State felony on June 10, 1987. As stated above, the Panel had determined on April 9, 1987, to refer the matter to this court, based on those findings and conclusions, with a recommendation that respondent be disbarred. In the instant application, the Panel acknowledges that respondent has already been disbarred, but requests that the court confirm its findings and conclusions with respect to the September 30, 1986 charges. Respondent submits an affidavit requesting that the petition be dismissed as moot due to his prior disbarment.

In view of the fact that respondent will, at some future date, be eligible to apply for reinstatement (Judiciary Law § 90 [5] [b]), we do not deem this petition, seeking confirmation of the Panel's October 13, 1987 findings of fact and conclusions of law regarding other serious professional misconduct on his part, to be moot. Respondent states that he neither admits nor denies those findings, and that, if not deemed moot, he does not oppose the grant of the relief sought in this petition.

Accordingly, the findings of fact and conclusions of law issued by this Hearing Panel on October 13, 1987 are hereby confirmed and the petition is granted.

SULLIVAN, J. P., CARRO, MILONAS, KASSAL and ROSENBERGER, JJ., concur.

Application by the Departmental Disciplinary Committee to confirm the Hearing Panel's findings of fact and conclusions of law unanimously granted, as indicated.